SAMUEL L. HOVEY, *Adm'r, versus* JEREMIAH HAMILTON *& al.*

If one of the alternatives of a poor debtor's bond be, that the debtor should cite the creditor, named in the execution, before two justices of the peace, *quorum unus,* and submit himself, &c. instead of before "*two justices of the peace and of the quorum,*" as required by Rev. Stat. c. 148, § 20, such bond can be good only at common law."

If but one justice of the peace and of the quorum appears at the time and place fixed in the notice from the debtor to the creditor, he has no power under the statute to adjourn to a subsequent time.

If the justices who administered the oath to the debtor, are not authorized, in conformity with the provisions of the statute, to act in the matter, their certificate of discharge has no validity whatever.

DEBT upon a bond, given by Hamilton, as principal, with the other defendants as his sureties, to procure his release from arrest on an execution in favor of the plaintiff against him.

*D. T. Granger* argued for the defendants, citing *Moore* v. *Bond,* 18 Maine R. 142; *Pease* v. *Norton,* 6 Greenl. 229; Rev. Stat. c. 148, § 46; 4 Cowen, 39; *Goodwin* v. *Huntington,* 17 Maine R. 74; *Hathaway* v. *Crosby, ib.* 448; *Hill* v. *Knowlton,* 19 Maine R. 449.

*G. F.* and *J. C. Talbot, jr.* argued for the plaintiff, citing *Hathaway* v. *Crosby,* 17 Maine R. 448; *Barnard* v. *Bryant,* 21 Maine R. 206; *Harding* v. *Butler, ib.* 191; Rev. Stat. c. 148, § 20.

The opinion of the Court was drawn up by

WHITMAN C. J. — The bond declared on was upon the condition, that, if the defendant, Hamilton, who had been arrested on execution, should, in six months from the date of the bond, cite the creditor, named in the execution, before two

justices of the peace, *quorum unus*, and submit himself to examination, and take the oath or affirmation prescribed by law, or pay the debt, &c. or deliver himself into the custody of the jailer within six months, then, &c.

This condition is not in conformity to the requirement of the statute, c. 148, § 20. Instead of the words, " two justices of the peace, *quorum unus*," it should have contained the words, " two justices of the peace and of the quorum." The bond, therefore, is good only at common law.

The debtor, however, cited the creditor, in due form, within the stipulated time, to attend before two justices of the peace and of the quorum, on a day certain, when and where he proposed to be examined, and to take the oath prescribed in such cases. But it happened, on the day so designated, that but one justice attended, who adjourned until the next day, and from thence to the third day, when, another justice attending, they took the debtor's examination, administered the oath prescribed by law, and issued a certificate accordingly. The creditor having had no notice of their organization did not attend before them.

The statute makes no provision for an adjournment by one justice, on the day first appointed. If two had appeared on that day, the statute (§ 6 and 24) provides, that they may adjourn from day to day, and if they should do so, and but one should attend at the adjournment, he may again adjourn.

The doings of such a tribunal, established by statute for a special purpose, must be in strict conformity to its provisions.

Not having been so in this instance, we must adjudge the certificate of discharge, issued by it to the debtor, as of no validity; and therefore that performance of the condition of the bond is not made out; and a default, in pursuance of the agreement of the parties, must be entered. But, there being nothing in the agreement, which prescribes the manner in which the damages for the breaches of the condition of the bond shall be ascertained, nor as to the amount thereof, the Court may ascertain them on a hearing in equity.